UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM E. MARTIN,**

    **Plaintiff,**

    v.

**ZAMVIR ZARIWALA,** *et al.***,**

    **Defendants.**

Case No. 2:18-cv-270
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, William E. Martin, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Roger Wilson, Chief Inspector for the Ohio Department of Rehabilitation and Corrections ("ODRC") and employees at Madison Correctional Institution ("MaCI") (collectively, "Defendants"). (ECF No. 1-1.) This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis*, which is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court

1

**DISMISS** Plaintiff's claims against all of the Defendants except Defendant Zamvir Zariwala and that Plaintiff be permitted to proceed with some of his claims against Defendant Zariwala.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---
[1]Formerly 28 U.S.C. § 1915(d).

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, on or around December 6, 2016, Plaintiff, who was incarcerated at MaCI, reported to work in that institution's library. (ECF No. 1-1 at PAGEID # 11.)[1] Plaintiff alleges that the following events occurred after he arrived in the library:

> He [Plaintiff] was subsequently called into the librarian's cubicle where Defendant [Zamvir] Zariwala handed him a cup of coffee. While talking with Defendant Zariwala, Plaintiff drank the coffee. When Plaintiff felt dizzy, he collapsed in a chair. The coffee was laced with a date rape drug like a "Roofie." When Plaintiff became conscious, Defendant Zariwala was holding Plaintiff's waist band open and fondling his genitals with the other hand. Plaintiff punched Defendant Zariwala in the head and exited the chair.

(*Id*.) As set forth in more detail below as it relates to each Defendant, Plaintiff alleges he was later fired from and "reclassified" out of his job in the library, a "false work evaluation" was filed against him, and he was dissatisfied with the grievance procedure. (*Id*. at PAGEID ## 11–13.)

Plaintiff names as Defendants nine individual MaCI employees as well as ODRC Chief Inspector, Roger Wilson. (*Id*. at PAGEID ## 7–8.) The Court will address Plaintiff's claims in turn.

### A.     Official Capacity Claims

As a preliminary matter, on the first page of the Complaint (*id*. at PAGEID # 7), Plaintiff invokes 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

---

[1] The docket reflects that Plaintiff is presently incarcerated at the Correctional Reception Center in Orient, Ohio. (ECF No. 1 at PAGEID # 2.)

4

Section 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. *Id.* State officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff does not identify whether he is suing Defendants in their official or personal capacity. (*See generally Complaint*, ECF No. 1-1.) Construing his assertions liberally, *see Haines*, 404 U.S. at 520, the Court assumes he sues Defendants in both their personal and official capacities. However, to the extent that Plaintiff brings his § 1983 claims against Defendants in their official capacity, these claims are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable). Thus, to the extent he intends to assert them, Plaintiff's claims against Defendants in their official capacities fail as a matter of law.

**B.     Class Claims**

On the first page of his Complaint, the following handwritten note appears: "Class Action[,] 42 U.S.C. § 1983[,] Rule 23, F.R.Civ.P." (*Id.* at PAGEID # 7.) The Complaint, however, is devoid of any allegations on behalf of a putative class. Therefore, to the extent Plaintiff intends to assert claims on behalf of a class, the Complaint is deficient. Fed. R. Civ. P. 8(a). Moreover, because Plaintiff is a non-attorney and an inmate proceeding *pro se*, he cannot adequately represent a class. *See Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding pro se cannot adequately represent a class."); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[P]*ro se* prisoners are not able to represent fairly the class."); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996)

(providing that "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class"). "'[T]he competence of a layman is clearly too limited to allow him to risk the rights of others.'" *Nelson v. Heldman*, No. 3:14-cv-01264, 2016 WL 951533, at *2 (N.D. Ohio Mar. 14, 2016) (quoting *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Thus, to the extent he seeks to assert his claims as a class action under Federal Rule of Civil Procedure 23, Plaintiff may not proceed.

**C.     Randall Hawk**

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).

Here, the entirety of Plaintiff's claims against Defendant Randall Hawk, a librarian at MaCI, is as follows:

> Since Defendant Hawk was on medical leave [sometime after the alleged assault by Defendant Zariwala], Plaintiff waited patiently for his formal return to seek help. After about six months on leave, Defendant Hawk returned to the library and Plaintiff approached him in his cubicle. Plaintiff asked Defendant Hawk to give him the two days off that Defendant Zariwala was now scheduled to work because he had drugged Plaintiff and sexually assaulted him.
>
> Instead of giving Plaintiff Thursday and Sunday off, Defendant Hawk conspired with Defendant Zariwala to fire Plaintiff. Defendant Zariwala filed a false work evaluation against Plaintiff and Defendant Hawk co-signed it. This was clearly a violation of A.R. 5120-9-04 for inappropriate supervision.

(ECF No. 1-1 at PAGEID ## 11–12.) Nowhere in these allegations does Plaintiff identify what constitutional right/s was/were allegedly infringed. Instead, he alleges that Defendant Hawk co-

signed a false work evaluation and conspired with Defendant Zariwala to fire Plaintiff from his library job in violation of an administrative rule or Ohio code provision, *i.e.*, A.R. 5120-9-04. (*Id.*) However, "[c]laims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law." *Jones v. Smolinski*, No. 1:09-cv-633, 2009 WL 3352804, at *4 (W.D. Mich. Oct. 13, 2009).

Moreover, "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant Richmond filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012))), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

In addition, to the extent he intends to assert a due process claim, "[f]ailing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Rather, "[a]n inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "To determine whether changed conditions are 'atypical and significant,' a reviewing court considers both the duration and the nature of the more restrictive confinement

relative to 'prison norms and to the terms of the individual's sentence.'" *Id.* (quoting *Harden-Bey v. Rutter*, 524 F.3d 789, 792–93 (6th Cir. 2008).

Here, Plaintiff has not identified a constitutionally protected liberty interest that implicates the disciplinary proceedings. Plaintiff complains that he lost his library job, but he does not have a constitutionally protected interest in prison employment under the Fourteenth Amendment to the United States Constitution. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("[W]e find that the district court properly dismissed as frivolous Plaintiff's claim that he was fired from his prison job."); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (finding no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job.").

Plaintiff goes on to allege that Defendant Hawk conspired with Defendant Zariwala to fire Plaintiff from his library job in violation of "A.R. 5120-9-04." (ECF No. 1-1 at PAGEID # 12.) "'A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.'" *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The elements of such a claim are "'a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.'" *Id.* (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). "A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014); *see also Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 530 (6th Cir. 2009) ("[Plaintiff] cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her.").

Here, as discussed above, the alleged violation of state law does not state a claim under Section 1983 and Plaintiff has no constitutionally protected interest in prison employment. *Dellis*, 257 F.3d at 511; *Jones*, 2009 WL 3352804, at *4. Even if a separate and actionable constitutional injury existed, Plaintiff has not pled the conspiracy claim with requisite particularity, instead only alleging without reference to any facts that Defendants Hawk and Zariwala "conspired" to fire him. (ECF No. 1-1 at PAGEID # 12.) Labels and vague and conclusory allegations are insufficient to state a claim for civil conspiracy. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66 (finding that a plaintiff must support conspiracy claim with factual allegations that support a "plausible suggestion of conspiracy")).

**D.     Zamvir Zariwala**

As set forth in more detail above, Plaintiff alleges that Defendant Zamvir Zariwala drugged him and sexually assaulted him; conspired with Defendant Hawk to fire Plaintiff from his library job; and filed a false work evaluation against Plaintiff. (ECF No. 1-1 at PAGEID ## 11–12.) For the reasons discussed in connection with the claims against Defendant Hawk, the Undersigned recommends that Plaintiff's conspiracy claim and claim based on the filing of a false work evaluation, standing alone, be dismissed, but that any remaining claims against Defendant Zariwala be permitted to proceed. The Court expresses no opinion at this juncture as to the merits of those claims.

**E.     Unit Secretary Conn**

Plaintiff's claims against Defendant Unit Secretary Conn are as follows:

Plaintiff was unlawfully reclassified out of the library by only Defendant [Unit Secretary] Conn on 4-28-17. However, the necessary two unit staff were [sic] <u>not</u> present. Additionally, Plaintiff was <u>never</u> given 48 hours[-]notice, an opportunity to be heard, or an opportunity to appeal. Plaintiff was only informed by Defendant Conn that he was a Porter 5, but Plaintiff was <u>never</u> provided a classification decision or an appeal form. The entire reclassification violated A.R.

9

5120-9-31 and Policy Statement 54-WRK-02. Because the reclassification also constituted blatant discrimination, it vexatiously [sic] violated AR 5120-9-04.

(ECF No. 1-1 at PAGEID # 12 (emphasis in original).) Plaintiff also apparently alleges that Defendant Conn conspired with Defendants Hawk and Zariwala. (ECF No. 1-1 at PAGEID # 13.) ("Not one of the foregoing Defendants corrected what Defendants Conn, Hawk and Zariwala did in their conspiracy against Plaintiff.")

As discussed in more detail above, a Section 1983 claim may not be based on an alleged violation of state law and federal courts order may not order state officials to comply with their own law. *Jones*, 2009 WL 3352804, at *4.

In addition, Plaintiff complains that he was reclassified out of his library job. Plaintiff, however, was not entitled to due process before being reclassified out of his job because, as previously discussed, he has no liberty or property interest in prison employment. *Dellis*, 257 F.3d at 511; *Jones*, 2009 WL 3352804, at *4. Moreover, Plaintiff has not alleged that reclassification caused an "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Williams*, 526 F. App'x at 562; *Sandin*, 515 U.S. at 484. Without a protected liberty or property interest, Plaintiff has failed to assert a procedural due process claim against Defendant Conn.

Plaintiff also alleges that Defendant Conn's reclassification of Plaintiff amounted to "discrimination[,]" but he provides no factual allegations to support this claim. (ECF No. 1-1 at PAGEID # 12.) Labels and vague and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66.

Finally, Plaintiff appears to allege that Defendant Conn conspired with Defendants Hawk and Zariwala. (ECF No. 1-1 at PAGEID # 13.) For reasons previously discussed, Plaintiff has

failed to state a claim for conspiracy.  *See also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66.

F.     **Unit Manager Chie Workman**

Plaintiff alleges that he "filed ICRs with Defendant Workman on 4-28-17, 5-4-17 and 5-517, but to no avail."  (ECF No. 1-1 at PAGEID # 12.)  The Complaint contains no other allegations against Defendant Workman.  (*See generally* ECF No. 1-1.)  Plaintiff's vague and conclusory allegations are insufficient to state a claim.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66.

G.     **Zachery Gould, Roger Wilson, Malcom Heard, Rhonda R. Richard, and Deputy Warden Welch**

The entirety of Plaintiff's claims against Defendants Zachery Gould, Roger Wilson, Malcom Heard, Rhonda R. Richard, and Deputy Warden Welch is as follows:

> Plaintiff subsequently filed grievances with Defendant [Zachery] Gould and appealed them to Defendant [Roger] Wilson under Case Nos. MACI-05-17-000225 and MACI-06-17-000007.  At least two (2) grievances were filed directly with Defendant Wilson, but only one was actually decided as Case No. CI-07-17-000009.  Neither Defendant Gould nor Defendant Wilson did their job or anything else for that matter.  Both of these Defendants condoned everything from the sexual assault to the reclassification.
>
> Plaintiff also filed ICRs with Defendants [Malcom] Heard (5-12-17), [Rhonda R.] Richard (5-24-17), and [Deputy Warden] Welch (8-18-17).  Not one of the foregoing Defendants corrected what Defendants Conn, Hawk and Zariwala did in their conspiracy against Plaintiff.  Plaintiff filed another grievance under Case No. CI-09-17-000010 with Defendant [Roger] Wilson, but once again he did absolutely nothing.

(ECF No. 1-1 at PAGEID # 12–13.)  Plaintiff does not provide factual allegations to support his conclusory allegations that Defendants Gould and Wilson did not do "their job or anything else" and that they "condoned everything[.]"  The allegations are vague and conclusory.  They do not

11

provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Even construing the allegations liberally, Plaintiff's claims against these Defendants amount to mere conclusory assertions. *Iqbal*, 556 U.S. at 678.

While Plaintiff complains that Defendants Heard, Richard, and Welch failed to "correct[] what Defendants Conn, Hawk and Zariwala did in their conspiracy against Plaintiff[,]" Plaintiff has not stated a claim for conspiracy for the reasons previously discussed.

Finally, to the extent that Plaintiff complains about Defendants' actions or inaction related to the grievance procedure, an inmate has no constitutionally protected right to an effective grievance procedure. *Valladolid v. Michigan Dep't of Corr.*, 2017 WL 3528221, at *3 (6th Cir. Feb. 14, 2017) ("A prisoner does not have a constitutionally protected right to an effective grievance procedure."); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (same); *Weatherspoon v. Woods*, No. 16–1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (same). Accordingly, Plaintiff fails to state a claim on which relief may be granted against Defendants Hawk, Conn, Workman, Gould, Wilson, Heard, Richard, and Welch. 28 U.S.C. § 1915(e)(2).

**H.     Appointment of Counsel**

Plaintiff has filed a Motion for Appointment of Counsel (ECF No. 2), which is **DENIED WITHOUT PREJUDICE**. Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

## IV.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that any putative class claims, all official capacity claims, and all claims against Defendants Randall Hawk, Unit Secretary Conn, Unit Manager Chie Workman, Zachery Gould, Roger Wilson, Malcolm Heard, Rhonda R. Richard, and Deputy Warden Welch be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A. It is **FURTHER RECOMMENDED** that Plaintiff's conspiracy claim and claim based on the filing of a false work evaluation, standing alone, asserted against Defendant Zamvir Zariwala be **DISMISSED**, but that Plaintiff be permitted to proceed with his remaining claims against Defendant Zariwala. The Court expresses no opinion as to the merits of these remaining claims. Finally, Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: June 6, 2018         /s/ *Elizabeth A. Preston Deavers*
                            ELIZABETH A. PRESTON DEAVERS
                            UNITED STATES MAGISTRATE JUDGE