# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

William E. Martin,

    Plaintiff,

v.

Zamvir Zariwala, *et al.*,

    Defendants.

Case No. 2:18-cv-270

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

William E. Martin ("Plaintiff") is a prisoner proceeding *pro se*. He sues Roger Wilson ("Wilson"), Chief Inspector for the Ohio Department of Rehabilitation and Correction ("ODRC"), and the following employees at Madison Correctional Institution ("MaCI"): Zamvir Zariwala ("Zariwala"), Randall Hawk ("Hawk"), Unit Secretary Conn ("Conn"), Rhonda R. Richard ("Richard"), Zachery Gould ("Gould"), Unit Manager Chie Workman ("Workman"), Malcolm Heard ("Heard"), and Deputy Warden Welch ("Deputy Warden Welch") under 42 U.S.C. § 1983 for purported violations of Plaintiff's civil rights.

On an initial screening under 28 U.S.C. § 1915 and § 1915A, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court dismiss all claims against all Defendants except for Zariwala. R&R 1–2, ECF No. 3. The R&R further recommended dismissing some of the claims against Zariwala and allowing others to proceed. *Id.*

Specifically, although Plaintiff's Complaint did not indicate in which capacity he sought to sue Defendants, the R&R recommended dismissing any § 1983 claims brought against Defendants in their official capacities because "[s]tate officials acting in their official capacity are not 'persons' under § 1983." *Id.* at 4–5 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The R&R also concluded that Plaintiff could not bring class claims in this lawsuit. *Id.* at 5–6. It stated that although the Complaint contained a handwritten note that it was being brought as a class action and that it was being brought pursuant to Rule 23, the Complaint was devoid of any class allegations. Further, the R&R stated that Plaintiff, as a non-attorney, *pro se* litigant was unable to represent a class. *Id.*

The R&R next considered Plaintiff's individual-capacity claims against each Defendant. The R&R concluded that Plaintiff failed to allege that Hawk violated any of Plaintiff's constitutional rights and instead alleged only that Hawk conspired with Zariwala to file a false work evaluation in order to fire Plaintiff from his prison job, in violation of a state law or state administrative rule. *Id.* at 6–9. The R&R noted that, absent a separate and actionable constitutional injury, Plaintiff cannot state a claim for conspiracy under § 1983. *Id.* Further, it concluded that even if Plaintiff had alleged such an injury, the Complaint failed to plead conspiracy with particularity as required by Federal Rule of Civil Procedure 9(b). *Id.* at 9.

With respect to Zariwala, the R&R recommended dismissing (for the same reasons just discussed) Plaintiff's conspiracy claim and any claim based on the filing of a false work evaluation. *Id.* It recommended permitting Plaintiff's remaining claims against Zariwala to proceed. *Id.*

The R&R recommended dismissing Plaintiff's claims against Conn because Plaintiff alleged that Conn reclassified Plaintiff as a porter in violation of various Ohio Revised Code sections and a policy statement, and his allegations of violations of state laws and rules cannot serve as the basis of a § 1983 claim. *Id.* at 9–10. To the extent Plaintiff sought to bring a § 1983 due process claim against Conn, the R&R explained that Plaintiff had no protected liberty or property interest in prison employment. *Id.* at 10. It further recommended dismissing Plaintiff's conspiracy claim against Conn for the same reasons addressed above. *Id.* at 10–11.

With respect to Workman, because Plaintiff alleged only that he filed three informal complaint resolutions ("ICR") with Workman "to no avail," his Complaint failed to state a claim. *Id.* at 11.

The R&R quoted the entirety of Plaintiff's allegations against Gould, Wilson, Heard, Richard, and Deputy Warden Welch, which consisted of allegations that Plaintiff filed grievances with these Defendants but that Gould and Wilson failed to do their jobs and condoned the wrongs done against Plaintiff by Conn, Hawk, and Zariwala, and that Heard, Richard, and Deputy Warden Welch failed to correct the same. *Id.* at 11 (quoting Compl., ECF No. 1-1). The

R&R concluded that the Complaint was devoid of factual allegations that Gould and Wilson failed to do their jobs or condoned the actions of other Defendants. *Id.* It concluded that the allegations against Heard, Richard, and Deputy Warden Welch failed to state a claim for conspiracy and likewise failed because Plaintiff has no constitutionally protected right to an effective grievance procedure. *Id.* at 12.

Finally, the R&R denied without prejudice Plaintiff's motion for appointment of counsel.

The R&R notified Plaintiff of his right to object to the same and notified Plaintiff that appellate review of issues not specifically raised in the objection would be waived. *Id.* at 13–14.

Plaintiff timely objected. He argues that he stated a claim because he added "42 U.S.C. § 1983" to page one of his Complaint, that the Court cannot dismiss any of his claims prior to service of the Complaint on Defendants, that Plaintiff has sought appointment of counsel to pursue his class claims, and that discovery will flesh out his claims against all of the Defendants whom Magistrate Judge Deavers recommended dismissing. Obj. 1–2., ECF No. 7.

Two standards of review apply to Plaintiff's objections. The Court reviews Magistrate Judge Deavers' denial of Plaintiff's motion to appoint counsel under the standard set forth in Federal Rule of Civil Procedure 72(a) and will set aside that Order only if it is clearly erroneous or contrary to law.

The Court reviews the recommendations concerning dismissal of Plaintiff's claims under the standard in Rule 72(b). Under that standard, the Court must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

The Court **OVERRULES** Plaintiff's objection to the denial of his motion to appoint counsel. There is "no constitutional right to appointed counsel in a civil case." *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (citation omitted). Accordingly, prisoners have no right to the appointment of counsel in order to pursue a prisoner civil rights case, whether brought as an individual action or whether class certification is sought. Indeed, the most a Court can do is assist a civil litigant in obtaining *pro bono* counsel. *Herrerra v. Mich. Dep't of Corr.*, Case No. 5:10-DF-11215, 2011 WL 3862640, at *6 (E.D. Mich. July 22, 2011) (citation omitted), *R&R adopted at* 2011 WL 3862390 (E.D. Mich. Sept. 1, 2011); 28 U.S.C. § 1915(e)(1). Thus, Plaintiff's objection to Magistrate Judge Deavers' denial of appointment of class counsel is **OVERRULED**. Further, because Plaintiff cannot represent, *pro se*, a class in this case, Magistrate Judge Deavers properly concluded that the Court must dismiss the class allegations.

Likewise, the R&R properly recommended dismissing all claims against all Defendants except for Zariwala as well as the conspiracy claim and the claim based on the filing of a false work evaluation against Zariwala. Plaintiff's sole

objection on this point is that he included the phrase "42 U.S.C. § 1983" on the Complaint, but Plaintiff does not argue that Magistrate Judge Deavers incorrectly analyzed his claims under the § 1983 framework. A mere citation to § 1983 does not properly state a claim under that statute, and as Plaintiff has not objected to Magistrate Judge Deavers' analysis of whether the facts alleged in the Complaint state a claim under § 1983, the Court **ADOPTS** the same.

This ruling is not altered by Plaintiff's statement that discovery would "change the facts of the case." Obj. 2, ECF No. 7. It is Plaintiff's burden to plead sufficient facts in the Complaint to state a claim for relief. Plaintiffs may not make conclusory allegations in a complaint and use discovery as a fishing expedition in an attempt to find support for allegations already made. *Northampton Restaurant Grp., Inc. v. Firstmerit Bank, N.A.*, Case No. 10-4056, 2012 WL 2608807, at *3 (6th Cir. July 5, 2012) ("the language of *Iqbal* specifically directs that *no* discovery may be conducted in cases such as this, even when the information needed to establish a claim . . . is solely within the purview of the defendant . . . ." (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)); *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) ("The Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint.").

Finally, the Court is not prohibited from dismissing Plaintiff's claims prior to serving Defendants in this case. In fact, 28 U.S.C. § 1915A directs the Court to

review a prisoner civil rights complaint prior to docketing it, when possible, and to dismiss any portion of the complaint that fails to state a claim. § 1915(a); (b)(1); see also 28 U.S.C. § 1915(e)(2)(ii).

Accordingly, Plaintiff's objections are **OVERRULED**, the R&R is **AFFIRMED** and **ADOPTED**, and the Court dismisses all claims against all Defendants except for Zariwala. The Court further dismisses Plaintiff's conspiracy claim and any claim based on the filing of a false work evaluation against Zariwala. The Court dismisses the class claims.

Finally, Plaintiff moves for relief from judgment from the R&R, stating that all Defendants except Zariwala were dismissed on that date. Mot. Relief Judgment, ECF No. 8. That motion is **DENIED**. The R&R recommended dismissal of the remaining Defendants but did not actually dismiss them. This Order does so.

The Clerk shall terminate ECF Nos. 3 and 8 from the Court's pending motions list and shall terminate Hawk, Conn, Wilson, Richard, Gould, Workman, Heard, and Deputy Warden Welch as Defendants in this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**