# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WILLIAM E. MARTIN,

      **Plaintiff,**

      vs.

ZAMVIR ZARIWALA,
*et. al.*,

      **Defendants.**

Case No. 2:18-cv-270

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, William E. Martin, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendant Tanvir Zariwala,[1] a librarian at Madison Correctional Institution ("MaCI"). (ECF No. 4.)[2] This matter is before the Court for consideration of Defendant's Motion to Dismiss (ECF No. 13) and Plaintiff's Opposition (ECF No. 14). Defendant did not file a Reply. For the reasons that follow, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED WITHOUT PREJUDICE**.

## I.

At the outset of this action, Plaintiff requested leave to proceed *in forma pauperis*, representing, *inter alia*, under penalty of perjury, that he had not brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (ECF No. 1 at PAGEID # 4.) On June 6, 2018, the Court granted

---

[1] Defendant Zariwala identifies his correct first name as Tanvir. (ECF No. 13 at 1.)
[2] The Court previously dismissed other parties from this action. (ECF No. 9.)

Plaintiff's motion for leave to proceed *in forma pauperis* and recommended that some of the claims and that all Defendants but Defendant Zariwala be dismissed. (ECF No. 3.) On October 10, 2018, the Court adopted and affirmed the Report and Recommendation. (ECF No. 10.)

According to the Complaint, on or around December 6, 2016, Plaintiff, who was incarcerated at MaCI, reported to work in that institution's library. (ECF No. 4 at PAGEID # 55.)[3] Plaintiff alleges that the following events occurred after he arrived in the library:

> He [Plaintiff] was subsequently called into the librarian's cubicle where Defendant [Zamvir] Zariwala handed him a cup of coffee. While talking with Defendant Zariwala, Plaintiff drank the coffee. When Plaintiff felt dizzy, he collapsed in a chair. The coffee was laced with a date rape drug like a "Roofie." When Plaintiff became conscious, Defendant Zariwala was holding Plaintiff's waist band open and fondling his genitals with the other hand. Plaintiff punched Defendant Zariwala in the head and exited the chair.

(*Id.*) Plaintiff alleges he was later fired from and "reclassified" out of his job in the library, a "false work evaluation" was filed against him, and he was dissatisfied with the grievance procedure. (*Id.* at PAGEID ## 55–57.) Plaintiff seeks declaratory judgment; injunctive relief in the form of prison employment, counseling, and back pay; compensatory and punitive damages; and costs. (*Id.* at PAGEID # 58.)

Defendant has now moved to dismiss Plaintiff's action because Plaintiff has had three prisoner civil rights cases dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. (ECF No. 13.)

**II.**

The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that

---

[3] The docket reflects that Plaintiff is presently incarcerated at the Correctional Reception Center in Orient, Ohio. (ECF No. 1 at PAGEID # 2.)

they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit describes the requirements for a claim of imminent danger as follows:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also Taylor* [*v. First Med. Mgmt*.], 508 F. App'x [601] at 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n.1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e*. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App's at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

3

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

A court may revoke *in forma pauperis* status if the privilege of proceeding in this status is abused and require that the plaintiff pay the full fee. *See In re McDonald*, 489 U.S. 180, 184 (1989); *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992); *Gabel v. Hudson*, No. 2:14-cv-1057, 2014 WL 7183940, at *1 (S.D. Ohio Dec. 16, 2014) (recommending that motion to vacate order granting *in forma pauperis* status be granted and that *in forma pauperis* status be revoked where plaintiff prisoner had accumulated three strikes), *adopted by* 2015 WL 224975 (S.D. Ohio Jan. 15, 2015) (requiring the plaintiff to pay the fee and warning that failure to do so may result in dismissal of the action for want of prosecution); *Armstrong v. Brunsman*, No. 1:12-cv-00132, 2012 WL 6057578, at *1 (S.D. Ohio Dec. 6, 2012) (denying motion to proceed *in forma pauperis*, requiring prisoner plaintiff to pay full fee, and warning that the case will be dismissed if full fee is not paid).

## III.

Defendant contends that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA. (ECF No. 13.) Specifically, Defendant contends that the following three prisoner civil rights cases were dismissed for failure to state a claim:

> 1. *William E. Martin v. Roger Wilson, et al.*, No. 2:18-cv-463 (S.D. Ohio). On June 22, 2018, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim for relief against ODRC defendants.
>
> 2. *William E. Martin v. John R. Kasich, et al.*, No. 2:17-cv-1145 (S.D. Ohio). On February 1, 2018, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim for relief against ODRC defendants and Governor John Kasich.
>
> 3. *William E. Martin v. Sinclair Community College, et al.*, No. 4:16-cv-1074 (N.D. Ohio). On July 29, 2016, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim for relief against ODRC defendants and Sinclair Community College.

(*Id*. at 3.)  Plaintiff disagrees, arguing that the complaints in these cases were "valid[,]" but that "a change in the law under 28 U.S.C. § 1915(e)(2)(B)(ii) prevents Plaintiff from proceeding in forma pauperis throughout the entire three cases."  (ECF No. 14 at PAGEID # 87.)

Plaintiff's arguments are not well taken.  After conducting a review of the records of the United States Courts, the undersigned finds that these three cases qualify as strikes under the three-strikes provision.  28 U.S.C. § 1915(g).  Thus, Plaintiff must pay the full filing fee in this case unless the "imminent danger" exception applies to the facts he has presented in his Complaint.

A review of Plaintiff's Complaint (ECF No. 4) reveals that he is not in imminent danger of serious physical injury.  Plaintiff alleges that Defendant sexually assaulted him at MaCI's library on or around December 6, 2016.  (ECF No. 4 at PAGEID # 55.)  However, the docket reflects that Plaintiff is presently incarcerated at the Correctional Reception Center ("CRC") in Orient, Ohio.  (ECF No. 1 at PAGEID # 2.)  Notably, while Plaintiff states that he "*was* in imminent danger of serious physical danger as the result of Defendant Zariwala," he concedes that he was subsequently transferred away from Defendant's facility.  (ECF No. 14 at PAGEID # 87 (emphasis added).)  As set forth above, these allegations of past danger do not satisfy the "imminent danger" exception.  *See*, *e.g*., *Vandiver*, 727 F.3d at 585; *Taylor*, 508 F. App'x at 492; *Percival*, 443 F. App'x at 946.

Plaintiff nevertheless goes on to contend that he was transferred to "the RTU [Residential Treatment Unit] at CRC where he can't get medical treatment.  Plaintiff has hepatits-C and is in a stage four disease."  (ECF No. 14 at PAGEID # 87.)  Again, however, the undersigned is unable to find that these conclusory assertions regarding Plaintiff's health that are unrelated to the claims in the Complaint satisfy the "imminent danger" exception.  *See*, *e.g*., *Vandiver*, 727

5

F.3d at 585. In short, Plaintiff has not alleged an imminent, real, and proximate danger of serious physical injury so as to qualify for *in forma pauperis* status under the exception the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the "imminent danger" exception to § 1915(g) does not apply. Because Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA, he must pay the full fee for this case to proceed.

Defendant argues that "Plaintiff's complaint should be dismissed. Plaintiff must pay the full filing fee and then ask that the case be re-opened." (ECF No. 13 at 2.) The undersigned, however, concludes that rather than dismissing this action, the better course is to deny without prejudice Defendant's Motion to Dismiss, revoke Plaintiff's *in forma pauperis* status (ECF No. 3), and require Plaintiff to pay the full fee with a warning that failure to do so will result in dismissal of this action for failure to prosecute. *Cf. Theriot v. Hoffman*, No. 2:19-cv-58, 2019 WL 1147276, at *8 (W.D. Mich. Mar. 13, 2019) (denying leave to proceed *in formal pauperis*, requiring the plaintiff to pay the full $400 fee, and warning that "[i]f Plaintiff does not pay the filing fee within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $400.00 filing fee"); *Gabel*, 2014 WL 7183940, at *1 (recommending that motion to vacate order granting *in forma pauperis* status be granted and that *in forma pauperis* status be revoked where plaintiff prisoner had accumulated three strikes), *adopted by* 2015 WL 224975 (S.D. Ohio Jan. 15, 2015) (requiring the plaintiff to pay the fee and warning that failure to do so may result in dismissal of the action for want of prosecution).

## IV.

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 13) be **DENIED WITHOUT PREJUDICE**; that Plaintiff's *in forma pauperis* status

be revoked;[4] that Plaintiff be required to pay the entire $400 fee required to commence this action ($350 filing fee plus $50 administrative fee) within thirty (30) days of an Order adopting this Report and Recommendation; and that Plaintiff be notified that his failure to pay the full fee within thirty (30) days will result in the dismissal of the action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal

---

[4] This Report and Recommendation, and any subsequent Order adopting this recommendation, however, has no impact on the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A contained in the same filing as the Order granting *in forma pauperis* status (ECF No. 3) or the subsequent Opinion and Order (ECF No. 9) adopting that recommendation.

the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

       **IT IS SO ORDERED.**


**DATED:  April 1, 2019**
                              */s/ Elizabeth A. Preston Deavers*
                              **ELIZABETH A. PRESTON DEAVERS**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**